UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julius Klein Diamonds, LLC,<br><br>                                Plaintiff,<br><br>   -against-<br><br>Gemological Institute of America ("GIA"); Tat Keung Yee ("YTK"),<br><br>                                Defendants. | Case No.: 12-cv-6644 (RPP)<br><br>**DEFENDANT THE GEMOLOGICAL INSTITUTE OF AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

       Defendant the Gemological Institute of America, Inc. ("GIA"), by its attorneys, DLA Piper LLP (US), as and for its Answer to the Complaint (the "Complaint") and Affirmative Defenses, responds and alleges as follows:

### PARTIES AND JURISDICTION

    1.   GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

    2.   GIA admits it is a not-for-profit corporation existing under the laws of the State of California, authorized to do business in the State of New York (which business includes the grading of diamonds), and has an address at 580 Fifth Avenue, New York, New York.  Except as otherwise admitted, GIA denies the allegations in Paragraph 2.

    3.   GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.

    4.   Paragraph 4 contains legal conclusions to which no response is required.

    5.   Paragraph 5 contains legal conclusions to which no response is required.

    6.   GIA is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 6 and therefore denies the same.

7. Paragraph 7 contains legal conclusions to which no response is required

## GENERAL ALLEGATIONS

8. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. GIA admits that it is in the business of analyzing and grading gemstones. Pursuant to its analysis, GIA issues reports corresponding to its scientific analysis of the gemstone(s). Except as otherwise admitted, GIA denies the allegations in Paragraph 9.

10. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. GIA admits that on or about August 21, 2002, GIA's counsel requested from Plaintiff documentation concerning Plaintiff's claim to the diamond. Except as otherwise admitted, GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 16.

17.  GIA admits the allegations in Paragraph 17.

18.  GIA admits that on or about August 27, 2012, GIA notified both Plaintiff and Defendant Tat Keung Yee ("YTK") of their competing claims of ownership and that GIA will not release the Diamond to any party unless GIA receives a court order adjudging one party as the rightful owner, or a directive from law enforcement with respect to the disposition of the Diamond. Except as otherwise admitted, GIA denies the allegations in Paragraph 18.

19.  GIA admits that it has possession of the Diamond, pending a resolution as to the parties' competing claims.

## RESPONSE TO FIRST PURPORTED CAUSE OF ACTION
## DECLARATORY JUDGMENT

20.  GIA incorporates and re-alleges its responses to the allegations contained in Paragraphs 1 through 20 as if set fully forth herein.

21.  Paragraph 21 contains legal conclusions to which no response is required.

22.  Paragraph 22 contains legal conclusions to which no response is required.

23.  GIA admits that the Diamond is currently in GIA's possession, pending a resolution as to the parties' competing claims.  Except as otherwise admitted, GIA denies the allegations in Paragraph 23; or in the alternative, the allegations are directed to another Defendant and thus requires no response from GIA.

24.  Paragraph 24 contains legal conclusions to which no response is required.  In the alternative, Paragraph 24 is directed to another Defendant and thus requires no response from GIA.

### RESPONSE TO SECOND PURPORTED CAUSE OF ACTION
### CONVERSION

25. GIA incorporates and re-alleges its responses to the allegations contained in Paragraphs 1 through 25 as if set fully forth herein.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 is directed to another Defendant and thus requires no response from GIA. In the alternative, GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Paragraph 28 is directed to another Defendant and thus requires no response from GIA. In the alternative, GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

### RELIEF REQUESTED

29. As a stakeholder in this litigation, GIA is ignorant as to the respective rights of Plaintiff and YTK, and to the Diamond at issue. Accordingly, GIA awaits a resolution of the parties' disputed ownership claims, or an order from this Court adjudging either party as the true owner of the diamond.

GIA denies each and every statement, allegation, and averment contained in the Complaint that has not been admitted above.

### AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses are available to GIA in this matter. GIA accordingly asserts the following defenses. Upon completion of discovery, if the facts warrant, GIA may withdraw any of these defenses as may be appropriate. GIA further reserves the right to amend this Answer to assert additional defenses and other claims as discovery proceeds. Further answering, and by way of additional

defense, GIA states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief may be granted as against GIA and GIA reserves the right to move at or before the time of trial to dismiss the same.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, unclean hands or ratification.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred by its culpable conduct and the culpable conduct of third parties (the identity of whom are unknown to GIA at this time).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties; as a result of this failure, complete relief cannot be accorded to those already parties to this action and will result in prejudice to GIA.

**WHEREFORE**, GIA demands judgment against Plaintiff dismissing the Complaint as against GIA, as well as any further relief this Court deems proper and just.

Dated: New York, New York
September 18, 2012

DLA PIPER LLP (US)

By: /s/ Capricci Barush
Capricci Barush (CB-7250)
1251 Avenue of the Americas
New York, New York 10020

5

(212) 335-4500
*Attorneys for Defendant, The*
*Gemological Institute of America, Inc.*

TO:  SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Jerome J. Lawton, Esq.
Four Times Square
New York, NY 10036
(212) 735-2982
Attorneys for Plaintiff Julius Klein Diamonds, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on September 18, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: September 18, 2012          /s/  Capricci Barush_____