# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

mjackson@sidley.com
(212) 839 6726

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON

LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 10/5/12

October 4, 2012

**By Facsimile (212-805-7917)**

Hon. Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

## MEMO ENDORSED

RECEIVED
OCT 04 2012
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

Re: **Julius Klein Diamonds, LLC v. Gemological Institute of America, Inc.
("GIA") and Tat Keung Yee ("YTK"), 12-Civ-6644 (S.D.N.Y.) (RPP)**

Dear Judge Patterson:

Sidley Austin LLP was retained just this morning to represent Tat Keung Yee ("Mr. Yee"), a defendant in this action. We write to respectfully request that the Court continue its injunction against any transfer or release of the 3.08 carat diamond (the "Diamond") until further order of this Court, consistent with the Court's September 5, 2012 Order Enjoining Release of 3.08 Diamond by GIA and set a briefing schedule for Mr. Yee's filing of a motion to vacate the October 2, 2012 Default Judgment in this matter.

The case involves an ownership dispute over a 3.08 carat Diamond, that upon information and belief, was delivered to Defendant Gemological Institute of America, Inc. ("GIA") at its Hong Kong office by Mr. Yee, a resident of Hong Kong, for recertification. Plaintiff Julius Klein Diamonds, LLC ("Plaintiff") commenced this action on August 28, 2012. Service was allegedly made on Mr. Yee in Hong Kong by email and Federal Express on August 31, 2012. On September 5, 2012, Plaintiff sought an obtained a preliminary injunction Order Enjoining Release of 3.08 Diamond by GIA, which specifically provides: "IT IS HEREBY ORDERED, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that GIA is preliminarily enjoined from releasing the 3.08 Diamond from its possession pending determination by this Court as to the ownership of the 3.08 Diamond **and** further order of this court." (Emphasis added.)

*Application granted for release the 3.08 Diamond if GIA is enjoined to the [illegible] of judgment entered by this Court as [illegible] pursuant to the order of this Court et motion to vacate the default [illegible] further order of the Court [illegible] October 2, 2012. So ordered Robert P Patterson USDY 10/4/12*

y partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

*See attached typewritten
Memo Endorsement*



October 4, 201
Page 2

Thereafter, on October 2, 2012 -- only 31 days after alleged service of the Complaint, upon a Hong Kong resident by email and Federal Express -- Your Honor issued a Default Judgment against Mr. Yee. As a result of the Default Judgment, GIA has announced that it intends to transfer the Diamond to Plaintiff today.

This morning, Mr. Yee retained Sidley Austin LLP to represent him in this matter. Currently, we are investigating the facts and preparing motion papers to vacate the Default Judgment based upon various potential grounds, including lack of personal jurisdiction. *See, e.g., Fisch v. Republic of Poland*, No. 07 Civ. 7204, 2009 U.S. Dist. LEXIS 108648, at *4 (S.D.N.Y. Nov. 20, 2009) (finding excusable neglect and vacating the default judgment because of Defendant's "misunderstanding of a foreign judicial system").

Upon learning that GIA intended to transfer the Diamond to Plaintiff based upon the Default Judgment, I called and sent email correspondence and a letter to both Jerome J. Lawton, counsel for Plaintiff, and Capricci Barush, counsel for Defendant GIA, to discuss the matter and proposed contacting Your Honor concerning a brief stay in the event the parties were unable to reach an agreement to postpone the transfer of the Diamond for a brief period to allow Mr. Yee to file motion papers with the Court. Although Mr. Lawton has not responded, Ms. Barush did respond and asked that I attempt to arrange a teleconference with the Court. I called Chambers and was asked to submit this letter.

By this letter, we request on behalf of Mr. Yee that the Court continue its injunction against any transfer or release of the Diamond until further order of this Court, consistent with the Court's September 5, 2012 Order Enjoining Release of 3.08 Diamond by GIA.

We are preparing motion papers to vacate the Default Judgment, but respectfully request that the Court preserve the status quo consistent with the Court's September 5, 2012 Order Enjoining Release of 3.08 Diamond by GIA until a briefing schedule can be set for Mr. Yee's motion to vacate the Default Judgment.

Respectfully submitted,

Martin B. Jackson

cc:    Capricci Barush, Esq.
       Jerome J. Lawton, Esq.

Case:        Julius Klein Diamonds, LLC v. Gemological Institute of America, Inc.
             and Tat Keung Yee
Index No.    12 Civ. 6644 (RPP)

**MEMO ENDORSEMENT READS:**

**Application granted.**

**GIA is enjoined from releasing the 3.08 Diamond pursuant to the default judgment entered by this Court until further order of this Court. Counsel for Mr. Yee is to file its motion to vacate the default judgment by October 12, 2012.**

**So Ordered.**

*Robert P. Patterson, Jr., U.S.D.J., 10/4/12*