

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT LINE: 212 735 2982
DIRECT FAX: 917 777 2982

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA



RECEIVED JAN 10 2013
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

January 10, 2013

**By Facsimile, Email and Hand Delivery**
Honorable Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
Email: mary_cilluffo@nysd.uscourts.gov
Fax: 212-805-7917

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/13
```

Re:   **Julius Klein Diamonds, LLC v. Keung Tat Yee and Gemological Institute of America, Inc., Civil Action No. 12-cv-6644**

Dear Judge Patterson:

I write on behalf of all counsel in the above-referenced action (the "Action") to advise your Honor that the parties have entered into a Settlement Agreement. I enclose herewith the following for your Honor's review and approval:

(i)   The Settlement Agreement;   *attached*

(ii)  The Joint Application to Dismiss Action Pursuant to Settlement Agreement; and   *scanned in separately*

(iii) The proposed Order.   *scanned in separately*

Counsel for all parties very much appreciate your Honor's assistance and cooperation in extending deadlines for the submission of various pleadings to enable the parties and their counsel to focus on settlement discussions, which have proved fruitful. In this connection, we respectfully request that the Court extend all current motion deadlines pending your Honor's review and approval of the enclosed Settlement Agreement, Joint Application and proposed Order.

Very truly yours,

Jerome J. Lawton

Cc:   Capricci Barush, Esq.
      Martin B. Jackson, Esq.



**Execution Copy**

# SETTLEMENT AGREEMENT AND RELEASE
# BY AND AMONG

## JULIUS KLEIN DIAMONDS, LLC
## AND
## TAT KEUNG YEE
## AND
## GEMOLOGICAL INSTITUTE OF AMERICA, INC.

**SETTLEMENT AGREEMENT** dated as of January 7, 2013 by and among JULIUS KLEIN DIAMONDS, LLC ("JKD"), a New York limited liability company, TAT KEUNG YEE ("YTK"), a resident of Hong Kong, and the GEMOLOGICAL INSTITUTE OF AMERICA, INC. ("GIA"), a nonprofit corporation incorporated in California with management and laboratory offices in New York.

**WHEREAS**, on August 28, 2012, JKD filed a Complaint against defendants GIA and YTK in the United States District Court, Southern District of New York entitled: Julius Klein Diamonds LLC v. Gemological Institute of America, Inc. and Tat Keung Yee (Case No.: Case No. 12 CV 6644 (RPP)) (the "Complaint" or "Action"), in which JKD sought, among other things, a declaratory judgment that JKD was the true owner of a 3.08 carat diamond with GIA Certificate Number 1112901343 (the "3.08 Diamond") in the possession of GIA, which had been given to GIA for recertification by YTK. *See* Docket No. 1;

**WHEREAS**, on August 28, 2012, the Court issued an Order restraining GIA from releasing the 3.08 Diamond to YTK pending determination as to the true ownership of the 3.08 Diamond. GIA and YTK were served with the Summons, Complaint and Order to Show Cause and Temporary Restraining Order (the "TRO") by Federal Express and email and in accordance with the TRO, on August 28, 2012. *See* Docket Nos. 10, 11;

**WHEREAS**, the Court issued a Preliminary Injunction on September 5, 2012, preventing GIA from releasing the 3.08 Diamond from its possession pending determination of ownership by the Court. *See* Docket No. 17;

Execution Copy

**WHEREAS**, upon JKD's application, the Court entered a default judgment on October 2, 2012 (the "Default Judgment") in which the Court ordered, adjudged and decreed:

(a) JKD is the true owner of the 3.08 Diamond;

(b) YTK converted the 3.08 Diamond;

(c) JKD has judgment against YTK in an amount adequate to compensate JKD for YTK's conversion of the 3.08 Diamond, in an amount of $232,848.00;

(d) This case warrants awarding JKD its reasonable attorney's fees incurred in this action.

**WHEREAS**, on October 4, 2012, Sidley Austin LLP ("Sidley") having just been retained by YTK to represent him in this Action, wrote to the Court and requested a brief stay to permit YTK to file motion papers to vacate the default judgment, asserting that YTK was a good faith purchaser of the 3.08 Diamond and the rightful owner. The Court granted a stay for that purpose until October 12, 2012, which was continued upon consent of the Parties with the approval of the Court until January 11, 2013 to allow the Parties to confer to attempt to reach a settlement agreement;

**WHEREAS**, JKD, YTK and GIA (hereafter each individually a "Party" and collectively, the "Parties") have reached a full and final settlement (the "Settlement Agreement") and resolution of any and all claims and rights without limitation between them related to this Action and to the 3.08 Diamond, pursuant to which the Parties agree as follows: (i) JKD is the true and rightful owner of the 3.08 Diamond; (ii) GIA will deliver the 3.08 Diamond to JKD immediately upon approval of this Settlement Agreement by the Court; (iii) in settlement of YTK's claims in this Action and to the 3.08 Diamond, JKD shall pay the sum of seventy five thousand dollars (US$75,000.00) to YTK's counsel upon GIA's delivery of the 3.08 Diamond to JKD; (iv) the Parties agree that the Default Judgment against YTK will be vacated; (v) each of the Parties shall be responsible for its own costs and attorneys' fees in connection with this Action (vi) the Parties agree to forgo any future claims, litigation, or appeal against each other in connection with the claims asserted in the Action, except that each Party reserves the right to assert claims in the event this Settlement Agreement is breached; (vii) the Action shall be dismissed with prejudice; and (viii) the Court shall retain jurisdiction to enforce the Settlement Agreement.

**NOW THEREFORE**, in consideration of the promises, obligations, undertakings, commitments, terms, conditions, releases, representations, covenants and agreements made in this Settlement Agreement, the Parties agree as follows:

2

Execution Copy

**1.0  Agreement.** It is understood and expressly agreed that this Settlement Agreement does not constitute, and shall not be construed to constitute, an admission by any of the Parties of any violation of any common law contract or tort law principle, or any violation of any applicable law, including any statute, regulation, ordinance, or order. The Parties expressly deny each and every allegation of wrongdoing of every kind. It is expressly acknowledged and agreed by the Parties that this Settlement Agreement is made solely for the purposes of avoiding the delay and expense of protracted litigation. Concurrently with the execution of this Settlement Agreement (the "Effective Date"), JKD, YTK and GIA agree to sign and file a Joint Application for Court approval of this Settlement Agreement and dismissal of the Action with prejudice in the form annexed hereto as Exhibit "A" (the "Application"); Upon approval of the Settlement Agreement by the Court, the Parties agree as follows: (i) JKD is the true and rightful owner of the 3.08 Diamond; (ii) GIA will deliver the 3.08 Diamond to JKD immediately upon approval of this Settlement Agreement by the Court; (iii) in settlement of YTK's claims in this Action and to the 3.08 Diamond, which have not been assigned by YTK, JKD shall pay the sum of seventy five thousand dollars (US$75,000.00) to YTK's counsel upon GIA's delivery of the 3.08 Diamond to JKD; (iv) the Default Judgment against YTK will be vacated and the Action will be dismissed with prejudice; (v) each of the Parties shall be responsible for its own costs and attorneys' fees in connection with this Action; (vi) the Parties agree to forgo any future claims, litigation, or appeal against each other in connection with the claims asserted in the Action, except that each Party reserves the right to assert claims in the event this Settlement Agreement is breached; (vii) the Action shall be dismissed; (viii) the Court shall retain jurisdiction to enforce the Settlement Agreement.

**2.0  Amendments.** No amendment(s), modification(s) or an addendum to this Settlement Agreement shall be effective unless in writing executed by the Parties.

**3.0  Other Documents.** The Parties shall execute any and all further documents which may be reasonably required to effectuate the terms of this Settlement Agreement.

**4.0  Choice of Law.** This Agreement shall be governed by, and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

**5.0  Choice of Forum.** Any litigation arising out of, or relating to, this Settlement Agreement shall be brought and pursued exclusively in either the state or federal courts located in New York, New York.

**6.0  Successors and Assigns.** All of the terms, covenants and conditions herein contained shall be for and shall inure to the benefit of and shall bind the respective Parties, their administrators, legal representatives, successors, affiliates and/or assigns.

3

Execution Copy

**7.0  Severability.** The invalidity, in whole or in part, of any term of this Settlement Agreement shall not affect the validity of the remainder of the Settlement Agreement.

**8.0  Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. The delivery of an executed counterpart of this Settlement Agreement by fax shall have the same force and effect as delivery of an original executed counterpart of this Settlement Agreement.

**9.0  Assignment.** No Party shall assign this Settlement Agreement without first obtaining the prior written consent of all of the Parties.

**10.0  Entire Agreement.** This Settlement Agreement contains the entire agreement between the Parties as to the settlement of their dispute regarding the matter provided above and supersedes all prior negotiations and agreements. The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

**11.0  Knowing and Voluntary Execution.** The Parties represent that they have read and understood the contents of this Settlement Agreement and/or have sought the assistance of counsel with regard to the contents and legal import of this Settlement Agreement and have executed this Settlement Agreement without having been influenced by the other Party.

**12.0  Representations and Warranties of Authority.** The Parties warrant and represent that each Party has the sole right and exclusive authority to execute this Settlement Agreement and that to the best of each respective Party's knowledge, no other person or entity has any interest in the 3.08 Diamond and the claims, demands, obligations, or potential causes of action referred to in this Settlement Agreement.

**13.0  Notice.**

13.1  All Notices and exchanges of information required under this Settlement Agreement must be delivered to the Notice Agents for the Parties by fax and overnight mail. Notice shall be deemed to have been "given" or "delivered" upon the date it is received by the notice agents listed below. The Parties shall provide notification of change of address within thirty (30) days after any such change occurs.

       **13.2  Notice to Julius Klein Diamonds LLC:**
       Jerome J. Lawton, Esq.
       Skadden, Arps, Slate, Meagher and Flom, LLP.
       4 Times Square
       New York New York 10036
       Tel:  (212) 735 2982
       Fax:  (917) 777 2982

4

E-mail jlawton@skadden.com

**13.3  Notice to Tat Keung Yee:**
Martin Jackson, Esq.
Sidley Austin LLP.
787 Seventh Avenue
New York, New York 10019
Tel:    (212) 839 6726
Fax:    (212) 839 5599
E-mail mjackson@sidley.com

**13.4  Notice to Gemological Institute of America, Inc.:**
Capricci L. Barush, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York New York 10020
Tel: 212 335 4638
Fax: 212 884 8538
E-mail capriccilbarush@dlapiper.com

**14.0  Payment of Court Costs and Attorney Fees.** Each Party agrees to pay its own court costs, disbursements and attorneys' fees in connection with this Settlement Agreement and the Action.

**15.0  Mutual Release.** In consideration of the mutual promises and covenants contained herein, upon approval of this Settlement Agreement by the Court, the Parties and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, affiliated entities, and past and/or present agents, directors, officers, employees, partners, members, insurers, re-insurers and/or shareholders for good and valuable consideration, do fully and finally release and discharge each other and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, affiliated entities, and past and/or present agents, directors, officers, employees, partners, members, attorneys, insurers, re-insurers and/or shareholders of and from all and every manner of action and actions, cause and causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or reasonably knowable, in law, equity or otherwise which any of the Parties ever had or now have against each other, by reason of any matter, cause or thing resulting from anything that has happened up to now, but limited solely to those relating to the 3.08 Diamond and alleged in the Complaint and excluding any claims arising out of the violation of any of the terms of this Settlement Agreement.

Execution Copy

IN WITNESS WHEREOF, this Settlement Agreement is executed and sworn as follows:

**JULIUS KLEIN DIAMONDS, LLC.**

By: *[signature]*
Name: Martin Klein
Title: CEO,
Date: January 10, 2013

**TAT KEUNG YEE**

Signed *[signature]*
Name: Tat Keung Yee

Date: January 10, 2013

HUM MON YIP CAROLINE
Solicitor of the High Court of the
Hong Kong Special Administrative Region

**GEMOLOGICAL INSTITUTE OF AMERICA, INC.**

By: *[signature]*
Name:
Title: Manage of Records & Recovery
Date: January 10, 2013

6